RALPH BARBARO

vs.

ANNA IONNE BARBARO

Superior Court    New Haven County    File #44610

Present:  Hon. EARNEST SIMPSON, Judge.

V. P. Dooley,                Attorney for the Plaintiff.

A. F. Mignone,              Attorney for the Defendant.

**MEMORANDUM FILED MARCH 12, 1935.**

SIMPSON, J. The power and jurisdiction of this court over marriage contracts is purely statutory and must be strictly construed. Section 5188 of the General Statutes provides that "whenever for any cause any marriage shall be void", this court may, upon complaint, "pass a decree declaring such marriage void". This statute confers jurisdiction upon this court to declare a marriage void when for any reason it is in fact void. The purpose of this statute is to afford the parties a decree declaratory of their marriage status. It would make no difference where the marriage took place or was contracted. But in this case, from the complaint, and the laws of the State of New York, where the marriage was contracted, it appears that the marriage of the defendant to the plaintiff, was not void, but voidable in the discretion of the court of that State. This court had no such discretion.

The case of **Davis vs. Davis, 119 Conn.** 194 has no application to the instant case. In that case the court held as a matter of fact and law there was no marriage contract at all. Here there was in fact a marriage covenant, voluntarily entered into by the parties, followed by cohabitation in this State.

It appears that the parties are not now living together, and have not for approximately two years. It also appears that both are apparently desirous of severing their marital relations. The court therefore deems it proper to suggest that if the parties do not resume their marital relations, the law will in due and a comparatively short time afford one or the other proper redress.

The petition is therefore denied.